IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James L. Roudabush, Jr., #82038-083, | ) | C/A No.: 8:18-1818-BHH |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Warden FCI Edgefield, | ) ) ) | |
| Respondent. | ) ) | |

This matter is before the Court on Petitioner James L. Roudabush's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On July 18, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Petitioner's § 2241 petition for a writ of habeas corpus be summarily dismissed. (ECF No. 8 at 7.) The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them, summarizing below only in relevant part.

## BACKGROUND

Petitioner filed this action seeking immediate release from BOP custody. On July 18, 2018, the Magistrate Judge issued a Report recommending summary dismissal and informing Petitioner of his right to file objections. (*Id.* at 8.) Petitioner has not filed any objections, and the time for doing so has expired.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that this action should be summarily dismissed because Petitioner has failed to state a cognizable claim for a habeas action pursuant to § 2241. Plaintiff filed no objections and the time for doing so expired on August 6, 2018. In the absence of objections to the Report, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 and advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the Magistrate Judge's findings and recommendations for clear error. Finding none, the

Court agrees with the Magistrate Judge that Plaintiff's claims against Defendant are subject to summary dismissal.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court adopts and incorporates the Magistrate Judge's Report herein by reference. It is therefore ORDERED Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed *without prejudice.*

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 20, 2018
Charleston, South Carolina